IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JHON ALEJANDRO ANGULO ZAMBRANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-2387 (AJT-WBP) |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Jhon Alejandro Angulo Zambrano's (Petitioner) Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, seeking release from Immigration and Customs Enforcement ("ICE") custody that began on July 28, 2026 on the grounds that his ongoing detention is unlawful. Upon consideration of the filings, and for the reasons stated below, the Petition is **GRANTED**.

Petitioner is a 32-year-old native and citizen of Venezuela. [Doc. No. 5-1] ¶ 5. On January 12, 2025, Petitioner applied for admission and was released into the United States on parole under 8 U.S.C. § 1182(d)(5). *Id.* ¶ 6. Petitioner's parole expired on April 24, 2026. *Id.* On July 28, 2026, Immigraton and Customs Enforcement officers encountered Petitioner and, after confirming Petitioner's identify and immigration history, Petitioner was taken into civil immigration custody. *Id.* ¶ 7. Petitioner was issued a Notice to Appear ("NTA"), which charged him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a noncitizen who, at the time of application for admission to the United States was not in possession of any valid entry document. *Id.* Petitioner does not have a criminal history and remains currently detained at the Farmville Detention

Center. [Doc. No. 1] ¶¶ 12, 26.

Petitioner claims that is ongoing detention violates his constitutional due process rights (Count I), his Fourth Amendment protections against unreasonable government searches and seizures (Count II), and the Immigration and Nationality Act ("INA") (Count III).[1] In opposition, Respondents contend that because Petitioner presented himself at a port-of-entry, sought admission, and was paroled into the United States, Petitioner is properly detained under 8 U.S.C. § 1225(b)(2) as an "applicant for admission." [Doc. No. 5]. Respondents position seems to be that because Petitioner's parole has expired, he is transformed again into an "applicant for admission" that is subject to Section 1225(b)(2)'s mandatory detention provision. The Court disagrees.

As an initial matter, Respondents' position is difficult to square with this Court's prior pronouncements that section 1225(b)(2) does not apply to individuals that have already entered the county. *See Quispe v. Crawford*, No. 1:25-CV-1471, 2025 WL 2783799, at *4–6 (E.D. Va. Sept. 29, 2025).

In *Espinoza Estrada v. Mullin*, this Court declined to apply Section 1225(b)(2) to an individual, who, like Petitioner, had been paroled into the country and subsequently detained after his parole expired. *See Espinoza Estrada v. Mullin*, 1:26-cv-859 (E.D. Va. Apr. 20, 2026), Dkt. No. 6. In doing so, the Court reasoned:

> Petitioner was paroled upon arrival to the United States, which is 'not regarded as an admission' to the United States, 8 U.S.C. § 1182(d)(5)(A). But at the time of Petitioner's detention, which occurred after his parole had expired, he did not revert to an 'applicant for admission . . . seeking admission' within the meaning of Section 1225(b)(2). Instead, upon the termination of Petitioner's parole, Petitioner returned to the Government's 'custody' under Section 1226 as an individual 'already present in the United States.'

---

[1] Because the Court resolves the Petition on Counts I and III, it does not reach the merits of Petitioner's Fourth Amendment claim (Count II).

*Id.* at 5 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)).

For the reasons discussed in *Espinoza Estrada*, and the cases cited therein, Petitioner is not subject to mandatory detention as an "applicant for admission" subject to 8 U.S.C. § 1225(b)(2)(A), but instead is detained pursuant to 8 U.S.C. § 1226(a), which, as a matter of procedural and substantive due process, mandates a bond hearing. *See Quispe*, 2025 WL 2783799, at *7–9. Accordingly, the Petition is **GRANTED** and it is hereby

**ORDERED** that Petitioner be immediately released from custody with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and file that address to the Court under seal within twenty-four (24) hours of the issuance of this Order[2]; and it is further

**ORDERED** that should Respondents seek to re-detain Petitioner in the future, they must first provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) with at least seven days' notice of its date, time, and location; and it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

---

[2] For purposes of Petitioner's Notice of Fixed Address only, Petitioner should file that notice under seal without filing any of the accompanying materials otherwise required by Local Civil Rule 5.

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

August 24, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge